IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHAUN D. DAVIS, AIS 170492, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:23-CV-04-MHT-KFP ) |
| AGENT LAWRENCE HOWELL, | ) ) ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    INTRODUCTION**

Plaintiff Shaun Davis, an inmate proceeding pro se and in forma pauperis, is confined at the Fountain Correctional Facility in Atmore, Alabama. This damages action is before the Court on Davis's Amended Complaint prepared on this Court's standard form for complaints brought under 42 U.S.C. § 1983.[1] Doc. 23. The named defendant is Agent Lawrence Howell. *Id*. After review and consideration of the Amended Complaint, the undersigned RECOMMENDS that this case be DISMISSED, as set forth below.

**II.   STANDARD OF REVIEW**

Because the Court granted Davis leave to proceed in forma pauperis (*see* Doc. 11), his Amended Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which

---

[1] The Court determined the original Complaint contained pleading deficiencies and entered an Order directing him to correct those deficiencies. See Doc. 16. Plaintiff filed an Amended Complaint on March 27, 2023 (Doc. 18), a second Amended Complaint on March 31 (Doc. 19), and a third Amended Complaint on May 15 (Doc. 23), which is now the operative complaint. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007).

requires a court to dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b). To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In applying § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). *See also* 28 U.S.C. § 1915A(a) (stating court shall review civil action by prisoner against governmental entity or officer or employee before docketing, if feasible, or as soon as practicable after docketing).

### III. FACTUAL ALLEGATIONS

On March 20, 2022, an officer with the Valley Police Department conducted a traffic stop. Doc. 1 at 3. Davis asserts "the suspect fled" and Howell, who subsequently

arrived on the scene, wrote the incident report, which referenced multiple dates for the incident's occurrence. *Id.* Howell later issued a complaint that, according to Davis, lacked a sworn affidavit. Additionally, Davis asserts Howell never issued a warrant for the charges. *Id.* On April 13, 2022, Davis had a parole revocation hearing for violating a condition of his parole based on new charges of possession of marijuana and possession of a controlled substance. *Id.*; Doc. 23-1 at 2. Davis alleges, however, that his parole was revoked illegally because at his revocation hearing Howell gave "different" sworn testimony indicating that drugs were found in a vehicle registered to Davis. Doc. 23 at 3. Davis challenges Howell's conduct as violative of his rights to due process under the First, Fifth, and Fourteenth Amendments. *Id.*

## IV. DISCUSSION

### A. The Section 1983 Claims

Davis complains that Howell violated his due process rights by (1) writing the incident report for the March 20, 2022, traffic stop despite not being present during the encounter, (2) issuing a complaint without a sworn affidavit, (3) failing to issue an arrest warrant, and (4) testifying to matters at Davis's parole revocation hearing that differed from the offenses with which Davis was charged. Doc. 23 at 3. Davis requests damages for mental suffering and unlawful imprisonment for these alleged constitutional violations. *Id.* at 4.

Incorporated into Davis's Amended Complaint is an Alabama Uniform Incident/Offense Report dated March 21, 2022. Doc. 23-1 at 1, 4, 5. The report lists Davis as the suspect. *Id.* at 4. The report's narrative indicates that a Valley police officer

attempted a traffic stop of a speeding vehicle on March 20, 2022, but the vehicle did not pull over. *Id.* Eventually, the vehicle pulled over, and a black male jumped out and fled on foot. *Id.* After running the vehicle's tag, law enforcement determined that Davis was the registered owner. *Id.* During an inventory search of the vehicle, Davis's Alabama driver's license was recovered from the driver's side floor along with narcotics. *Id.* Howell spoke to a witness who stated Davis ran to his house and asked to come in because the police were chasing him. *Id.* at 4–5. The next day, Davis went to the Valley Police Department to recover his car from the impound lot and was arrested and detained at the Chambers County Detention Facility. *Id.* at 5.

The Court takes judicial notice of state court records showing that Davis is incarcerated on a life sentence for his 1995 conviction for third degree robbery entered by the Circuit Court of Lee County in *State of Alabama v. Davis,* Case Number CC-1995-000892.[2] State court records also reflect that on March 21, 2022, Howell filed a complaint in the District Court of Chambers County, Alabama, testifying he had probable cause to believe Davis committed the offenses of possession of a controlled substance and first-degree possession of marijuana. *See State of Alabama v. Davis,* 12-WR-2022-90035; *see also* Doc. 23-1 at 1, 4–5. A Chambers County court official issued an arrest warrant on March 21, 2022, which Howell executed on April 20. *See Davis,* 12-WR-2022-900352. On

---

[2]Hosted at http://www.alacourt.com; *see also* http://www.doc.state.al.us. *See Chinn v. PNC Bank, N.A.*, 451 F. App'x 859, 860 n.1 (11th Cir. 2012) (noting that "[a] district court may take judicial notice of facts capable of accurate and ready determination by using sources whose accuracy cannot reasonably be questioned, including public records") (*citing* Fed. R. Evid. 20(b)); *Grider v. Cook*, 522 F. App'x 544, 546 n.2 (11th Cir. 2013) (noting "the district court was permitted to take judicial notice of [plaintiff's] state court criminal proceedings").

4

April 13 prior to the warrant's execution, Davis had a parole hearing at the Chambers County Jail for violating a condition of his parole. Doc. 23-1 at 2. Davis, Davis's parole officer Jonathan Allen, and Agent Howell attended the hearing. *Id.* Following the hearing, the parole officer recommended Davis's parole be revoked. *Id.* at 3.

Although Davis alleges Howell violated his due process rights under the First, Fifth, and Fourteenth Amendments, it is the Fourth Amendment that governs a claim for false arrest or wrongful pre-trial detention. *See e.g., Albright v. Oliver,* 510 U.S. 266, 274 (1994) (identifying the Fourth Amendment as the source of constitutional rights for "deprivations of liberty that go hand in hand with criminal prosecutions"); *Tinney v. Shores,* 77 F.3d 378, 381 (11th Cir. 1996) (holding that "an allegation of prosecution without probable cause must [ ] be analyzed under the Fourth Amendment. . . ." (citation omitted)). Davis, however, makes allegations against Howell that are brief, conclusory, and fail to identify any specific facts that allow the Court to make any plausible inference that the conduct he attributes to Howell amounted to a violation of his constitutional rights and, specifically, an unlawful seizure. At most, Davis asserts ultimate conclusions that Howell subjected him to an invalid and illegal arrest on drug charges, with no specific factual assertions to support these conclusions.

While complaints filed pro se are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers," *Erikson v. Pardus,* 551 U.S. 89, 94 (2007) (citations and quotation marks omitted), a pro se plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. That is, a pro se complaint must still contain "contain sufficient factual matter, accepted as true, to 'state a claim to

5

relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is insufficient if it "tenders naked assertions devoid of further factual enhancement." *Id*. (internal quotations marks and citation omitted).

Here, despite the Court's specific instructions on the filing of an amended complaint,[3] Davis's allegations are no more than "naked assertions" lacking in factual content indicating that Howell acted unlawfully. The allegations against Howell are "[t]hreadbare recitals of . . . cause[s] of action[] supported by mere conclusory statements" that fail to state a facially plausible § 1983 claim. *See Iqbal*, 556 U.S. at 678. While a complaint need not provide detailed factual allegations, more is required than "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. (internal quotation marks and citation omitted). Because Davis's § 1983 allegations against Howell fail to contain "enough facts to state a claim to relief that is plausible on its face," *Twombly,* 550 U.S. at 570, they are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted. *See also Iqbal,* 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'") (citing Fed. R. Civ. P. 8(a)(2) (alteration in original).

---

[3] The Court's Order informed Davis, *inter alia,* that (1) he must name the individuals personally responsible for the alleged violations of his constitutional rights, (2) describe what each defendant did that amounted to a violation of his constitutional rights, (3) state when and where the incidents underlying the violation of his rights occurred, and (4) describe how the acts or omissions of each defendant resulted in harm to him and describe the nature of the harm. *See* Doc. 16; *see also* Doc. 22.

## B. The Habeas Claim

In the event Davis seeks to assert a challenge to the validity of his parole revocation proceeding, allowing him to proceed on this claim would necessarily impugn his parole revocation and run afoul of the *Heck* "favorable termination" rule. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a conviction or sentence are not cognizable in a § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487; *Edwards*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief, or monetary damages that "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983"). "It is irrelevant that [Davis] disclaims any intention of challenging [the judgment or decision on which his incarceration is based]; if he makes allegations that are inconsistent with the [judgment or decision] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citation omitted). The principles espoused in *Heck* and *Balisok* foreclosing review of claims challenging the basis of confinement in a 42 U.S.C. § 1983 action apply when an inmate is challenging his confinement due to a violation of parole. *See Green v. McGill-Johnston*, 685 F. App'x 811, 812 (11th Cir. 2017) (holding that Plaintiff's "allegations, if proven true, would have necessarily implied the invalidity of his

7

parole revocation . . . and his resulting imprisonment. . . . Because [Plaintiff's] allegations would imply the invalidity of his confinement, the *Heck*-bar applies and [Plaintiff's] § 1983 claims must be dismissed.").

Under the circumstances of this case, *Heck* and its progeny bar Davis's assertion of any § 1983 claim that would effectively constitute a collateral attack on the validity of those actions that form the basis for Davis's incarceration as a parole violator. *Heck*, 512 U.S. at 489; *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995). Consequently, his claims provide no basis for relief at this time and are subject to summary dismissal under 28 U.S.C § 1915(e)(2)(B)(ii).[4]

## V. CONCLUSION

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS as follows:

1. Plaintiff's Amended Complaint be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. Plaintiff's claims challenging the fundamental legality of his current incarceration as a parole violator be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), as those claims provide no basis for relief at this time.

---

[4] Any federal habeas petition Davis files is subject to the statutory procedural limitations imposed upon those petitions. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]"); 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2254 petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

3. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, it is ORDERED that by **August 31, 2023**, the parties may file written objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11TH CIR. R. 3-1.

Done this 17th day of August, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE