IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| SHAUN D. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 3:23cv4-MHT |
| | ) | (WO) |
| AGENT LAWRENCE HOWELL, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Previously, the United States Magistrate Judge
recommended that plaintiff's amended complaint be
dismissed without prejudice under 28 U.S.C.
§ 1915(e)(2)(B)(ii) and that, to the extent plaintiff
challenged his current incarceration as a parole
violator, his claims be dismissed without prejudice
under 28 U.S.C. § 1915(e)(2)(B)(ii) as those claims
provide no current basis for relief. The court then
entered a final judgment that overruled plaintiff's
objections to the recommendation and that adopted the
magistrate judge's recommendation.

Plaintiff has now filed a document in which he asks that this matter be re-opened. The court considers plaintiff's request as a motion to set aside the final judgment in this case under Fed. R. Civ. P. 60(b). The motion will be denied.

I.

In his Rule 60(b) motion, plaintiff requests that this case be re-opened based on his receipt of a ruling from a state district court notifying him that his case was dismissed on September 27, 2023, and because he wants to "file on the other defendants." Although plaintiff does not identify the state court case that was dismissed, the magistrate judge took judicial notice of state court records which reflected that, on March 21, 2022, a complaint was filed against plaintiff in the District Court of Chambers County, Alabama, for drug offenses.

II.

"Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment, and request

2

reopening of his case, under a limited set of circumstances." *Kemp v. United States*, 596 U.S. \_\_, 142 S. Ct. 1856, 1861 (2022) (quotation marks and citation omitted). There are several provisions under Rule 60(b). Subpart (b)(1) provides that "the court may relieve a party ... from a final judgment, order, or proceeding ... for mistake, inadvertence, surprise, or excusable neglect." *See Parks v. U. S. Life & Credit Corp.*, 677 F.2d 838, 839–40 (11th Cir. 1982) (explaining that Rule 60(b)(1) encompasses mistakes in the application of the law and may remedy the mistakes of judges). Subparts (b)(2) through (b)(5) provide additional reasons for reopening a judgment.* Last, operating as a catchall provision, subpart (b)(6) authorizes relief from judgment based on "any other

---

* Under Fed. R. Civ. P. 60(b)(2–6), the court may grant relief from judgments for newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; the judgment is void; or the judgement has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable.

reason that justifies relief." Relief under subpart (b)(6) is available only when subparts (b)(1) through (b)(5) are inapplicable, and "[e]ven then, extraordinary circumstances must justify reopening." *Kemp*, 142 S. Ct. at 1861 (quotation marks omitted) (*citing Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, n. 11 (1988)); *Klapprott v. United States*, 335 U.S. 601, 613 (1949) (finding that a party may not seek relief under the catchall provision of Rule 60(b)(6) if the conduct, in fact, falls under Rule 60(b)(1)).

## III.

Liberally construing plaintiff's motion, the court understand that he seeks relief under Rule 60(b)(2) based on "newly discovered evidence" regarding the dismissal of a state court criminal complaint against him after judgment in the instant case was entered. To the extent that plaintiff, in essence, seeks to have the court revisit issues already decided, he presents no reason for relief other than the desire to

**4**

supplement the record without any indication how that would warrant re-opening the final judgment. In addition, plaintiff's conclusory and unsupported assertions do not satisfy any other Rule 60(b) conditions for vacating the final judgment. *See* Fed. R. Civ. P. 60(b)(1) and (3)–(6). Plaintiff's pending motion therefore fails to identify any grounds or "just terms" for relieving him from the judgment.

***

Accordingly, it is ORDERED that plaintiff's motion to set aside judgment under Fed. R. Civ. P. 60(b) (Doc. 34) is denied.

DONE, this the 3rd day of November, 2023.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

5